UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK DEVON DURHAM,

                  Petitioner,                  Case No. 1:24-cv-569

v.                                    Honorable Sally J. Berens

JAMES SCHIEBNER,

                  Respondent.

_____/

**OPINION**

Petitioner Derrick Devon Durham commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is presently before the Court on Petitioner's motion to stay these proceedings and hold them in abeyance so that he can return to state court and file a motion for relief from judgment pursuant to Michigan Court Rule 6.502 in order to exhaust additional "issues that have not been considered" that Petitioner seeks to raise in his § 2254 petition. (ECF No. 9, PageID.2452.) For the reasons stated below, the Court will grant Petitioner's motion.

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of one count of second-degree murder, in violation of Mich. Comp. Laws § 750.317, one count of discharge of a firearm from a motor vehicle causing death, in violation of Mich. Comp. Laws § 750.234a(1)(d), one count of felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f, and three counts of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich.

Comp. Laws § 750.227b. On May 10, 2022, the trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to "concurrent prison terms of 66 to 100 years for the murder conviction, 30 to 60 years for his conviction of discharging a firearm from a vehicle causing death, 5 to 10 years for the felon-in possession conviction, and 2 years for each of the felony-firearm convictions." *People v. Durham*, No. 362034, 2023 WL 8102355, at *1 (Mich. Ct. App. Nov. 21, 2023). The felony-firearm sentences were "to be served concurrently with each other but consecutively with the sentences for their respective underlying felonies." *Id.*[1]

The Michigan Court of Appeals set forth the following summary of the facts underlying Petitioner's convictions:

> [Petitioner's] convictions resulted from the fatal shooting of three-year-old Christian Miller, who was a passenger in the backseat of a vehicle driven by Charmaine Strickland. At the time of the shooting, [Petitioner] was driving a vehicle owned by Jena Ewais, who was sitting as a passenger, as they drove around to make drug sales. Ewais testified that Strickland was stopped behind [Petitioner] at a red light and honked her car horn at [Petitioner] when he did not immediately proceed when the light turned green. Both vehicles turned left onto a freeway service drive, after which Strickland drove around [Petitioner] and entered the freeway before him. Once on the freeway, [Petitioner] pulled alongside Strickland, whom she saw raise his arm and then heard her back window break. Ewais testified that [Petitioner] had retrieved his gun from a cup holder, told her to recline, and reached across her to fire the gun into the back driver's-side door of Strickland's vehicle.
>
> The back windows of Strickland's vehicle were tinted and opaque and concealed Miller's presence in the back seat. Miller died despite efforts to revive him. Over the next few days, Ewais and [Petitioner] attempted to clean their vehicle of evidence and change its appearance, before hiding it in an acquaintance's garage. Soon after Ewais learned that Miller had been shot and killed, she consulted a lawyer, who assisted her in reporting the events to law enforcement. [Petitioner]

---

[1] Petitioner is also serving a sentence of 1 ½ to 20 years for delivery/manufacture of a controlled substance, less than 50 grams, imposed on May 10, 2022, following a bench trial in the Wayne County Circuit Court. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/Search (enter Last Name Durham, First Name Derrick, select Search, select Offender Number 842219 (last visited July 27, 2026). Petitioner, however, is not challenging that conviction and sentence in the instant section 2254 petition.

surrendered himself to the police after learning that there was a warrant for his arrest.

*Id*.

Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals, raising the following claims: (1) the trial court abused its discretion by denying Petitioner's request to instruct the jury on the lesser-included offense of involuntary manslaughter; (2) Petitioner's sentences for murder and discharge of a firearm were disproportionate to his crimes; (3) Petitioner's sentence for murder violates the Eighth Amendment's prohibition on cruel and unusual punishment; and (4) Petitioner's right to a speedy trial was violated because he was arrested in January of 2019 but not tried until April of 2022. *See generally Durham*. The court of appeals rejected Petitioner's arguments and affirmed his convictions and sentences on November 21, 2023. *See id.* at *1. The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 2, 2024. *See People v. Durham*, 7 N.W.3d 824 (Mich. 2024).

Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals, raising the following claims: (1) the trial court abused its discretion by denying Petitioner's request to instruct the jury on the lesser-included offense of involuntary manslaughter; (2) Petitioner's sentences for murder and discharge of a firearm were disproportionate to his crimes; (3) Petitioner's sentence for murder violates the Eighth Amendment's prohibition on cruel and unusual punishment; and (4) Petitioner's right to a speedy trial was violated because he was arrested in January of 2019 but not tried until April of 2022. *See generally Durham*. The court of appeals rejected Petitioner's arguments and affirmed his convictions and sentences on November 21, 2023. *See id.* at *1. The Michigan Supreme Court

denied Petitioner's application for leave to appeal on July 2, 2024. *See People v. Durham*, 7

N.W.3d 824 (Mich. 2024).

On May 16, 2025, Petitioner filed his habeas corpus petition raising three grounds for relief,

as follows:

> I.  The trial court erred by denying [Petitioner's] motion to instruct the jury on involuntary manslaughter.
>
> II.  The trial court's sentence[s] for second-degree murder and discharge of a firearm were disproportionate and cruel or unusual.
>
> III.  [Petitioner's] right to a speedy trial was violated by over three years of delay in bringing him to trial.

(§ 2254 Pet., ECF No. 1, PageID.5–8.) As set forth above, Petitioner asks the Court to stay these

proceedings and hold them in abeyance so that he can return to state court and file a motion for

relief from judgment pursuant to Michigan Court Rule 6.502 in order to exhaust additional "issues

that have not been considered." (ECF No. 9, PageID.2452.)

Habeas petitions by state prisoners are subject to the one-year statute of limitations

provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the

Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

4

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 2, 2024. *See People v. Durham*, 7 N.W.3d 824 (Mich. 2024). Petitioner did not petition the United States Supreme Court for a writ of certiorari, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under section 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 30, 2024. Accordingly, absent tolling, Petitioner had one year from that date,[2] until September 30, 2025, to file his habeas petition. Petitioner filed the instant petition on May 16, 2025, with more than four months remaining before expiration of the limitations period.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a

---

[2] The one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As set forth above, Petitioner acknowledges that he has exhausted the grounds for relief set forth in his section 2254 petition. (§ 2254 Pet., ECF No. 1, PageID.2–3.) But Petitioner has not exhausted the additional "issues" referenced in his motion to stay; he intends to do so by filing a motion for relief from judgment pursuant to Rule 6.502.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Generally, under Michigan law, only one such motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* may be filed after August 1, 1995. *See* Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his allotted motion for relief from judgment. If Petitioner's motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue,

unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). When Petitioner commenced this action, he had more than four months remaining before the statute of limitations would expire.

But six months passed after Petitioner filed his petition before he filed his motion to stay. Thus, absent some relief, Petitioner would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition now without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. Petitioner shall, within 30 days of the date of this opinion and the accompanying order, file his motion for relief from judgment in the Wayne County Circuit Court. This action will be stayed, and held in abeyance, until Petitioner files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated:    August 3, 2026             /s/ Sally J. Berens
                                     SALLY J. BERENS
                                     United States District Judge